IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOSEPH W. HIGGINS,<br><br>Petitioner,<br><br>vs.<br><br>DISTRICT COURT FOR DOUGLAS COUNTY; MARK FOXELL; DOUGLAS COUNTY JAIL; NEBRASKA BOARD OF MENTAL HEALTH; VETERAN HOSPITAL MENTAL HEALTH DEPARTMENT; and GOVERNOR PETE RICKETTS,<br><br>Respondents. | 8:16CV433<br><br>**ORDER** |
| JOSEPH W. HIGGINS,<br><br>Petitioner,<br><br>vs.<br><br>RICHARD G. KOPF; FEDERAL VETERAN HOSPITAL POLICE; VETERAN HOSPITAL MENTAL HEALTH; DISTRICT COURT OF DOUGLAS COUNTY; LINCOLN REGIONAL CENTER; DOUGLAS COUNTY DISTRICT COURT JUDGE BURN; PUBLIC DEFENDER MARY DOVORAK; PROSECUTOR MILLER; MARK FOXALL; and DOUGLAS COUNTY CORRECTION,<br><br>Respondents. | 8:16CV535<br><br>**ORDER** |

Before the Court are two separate but similar petitions submitted pro se by Joseph W. Higgins ("Higgins"), who has a rather extensive litigation history in this and other

courts.[1] *See*, *e.g.*, *Higgins v. Clinton*, 89 F.3d 850 (10th Cir. 1996) (unpublished table decision); *Higgins v. Fed. Veteran Hosp. Police*, No. 8:16CV408 (D. Neb. 2016) (listing cases). Higgins has also filed a redundant Motion for Court to Make Immediate Order for Release Concerning the Two Duplicate Petition[s] for Writ of Habeas Corpus. The basis for Higgins's claims is not entirely clear, but the record seems to indicate Higgins is currently a patient at the Lincoln Regional Center in Nebraska pending criminal charges in Douglas County Court. Upon Higgins's requests, this Court provisionally granted Higgins leave to proceed in forma pauperis in both cases.

In the first case, Higgins expressly petitions for a writ of habeas corpus, seeking "release from custody under the mental health hold and $225,000 excessive bail based on no probable cause for detention." Higgins alleges violations of the Fourth and Fourteenth Amendments to the U.S. Constitution and 18 U.S.C. § 241 (conspiracy against rights) and asserts Nebraska Governor Pete Ricketts is, among other things, "depriving [him] of life threatening [sic] medication."

In the second case, Higgins calls his submission a "Petition for Supervisory Writ to Seek Criminal Presentment Complaint 18 U.S.C. Section 241 Complaint." Higgins "moves this court to convene the grand jury for presentment against criminal hate crimes and to release [Higgins] from custody of Lincoln Regional Center upon the return of a true bill." Dubiously naming as a respondent the United States District Judge who dismissed Higgins's prior request for that exact relief, Higgins alleges "[t]he United States Attorney and [Judge] Richard G. Kopf failed to act in violation of 42 U.S.C. Section 1986 to convene the grand jury or prosecute a criminal complaint."

It appears Higgins seeks a criminal indictment against those respondents he holds responsible for charging him with making terroristic threats and sending him to the

---

[1] The second petition names as a petitioner what the Court understands to be Higgins's reference to "The Almighty God Jahova Jirea." That impertinent reference is hereby stricken, *see* Fed. R. Civ. P. 12(f)(1), leaving Higgins as the sole petitioner.

Lincoln Regional Center where he has been told he is "being evaluated to stand trial." According to Higgins, the charges were legally defective and have been dismissed, so Higgins should not be in custody. Though the timing is not exactly clear, Higgins states he was denied food and medicine. Higgins also asserts Douglas County District Judge Burn (1) "showed bias and hate by construing [Higgins's] Petition for Supervisory Writ to be a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 knowing [Higgins is] not a federal convicted inmate concerning a federal crime" and (2) erroneously "relied on [a] fabricated letter to hold hearing without [Higgins's] knowledge nor consent and committed [him] to Lincoln Regional Center." Higgins states he seeks "a release from custody and restoration fees plus $20,000 Dollars [sic] a day for wrongfully being in custody through bad faith arrest and detention" and "criminal prosecution through presentment."

While he adds a few new twists in his latest petitions, Higgins's present allegations largely mirror those this Court has previously found insufficient. On October 18, 2016, Judge Kopf entered an order in Case No. 8:16CV408 advising Higgins that his prior petition—which primarily raised the same issues he raises here—failed to comply with Rule 2(c) and (d) of the Rules Governing Habeas Corpus Cases.[2] Although the Court found Higgins's allegations largely "incomprehensible" and "frequently fanciful" and thus subject to dismissal, the Court gave Higgins an opportunity to amend his petition. When he failed to do so, the Court dismissed Higgins's petition without prejudice. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994) (citing 28 U.S.C. § 2254 Rule 4) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face.").

In dismissing similar claims in 2015, the Court advised Higgins that "'private citizens cannot prosecute criminal actions'" because "[t]he prosecution of criminal

---

[2] "Rule 2(c) explicitly requires that a petitioner summarize the facts supporting each of the alleged grounds for relief." *Adams v. Armontrout*, 897 F.2d 332, 333 (8th Cir. 1990). Rule 2(d) requires a petition to "substantially follow" the prescribed form.

3

actions in the federal courts is a matter solely within the discretion of the Attorney General of the United States and duly authorized United States Attorneys." *In re Higgins*, No. 8:15-CV-103, 2015 WL 1651424, at *1 (D. Neb. Mar. 23, 2015) (quoting *Higgins v. Neal*, 52 F.3d 337 n. 3 (10th Cir. 1995)). The Court further advised that any civil action based on an alleged failure to prosecute or to convene a grand jury generally does not state a cognizable claim because such matters fall within the prosecutor's discretion and often involve questions of standing, jurisdiction, abstention, and immunity. *Id.* at *2, and n.4.

After a careful review of Higgins's current petitions, the Court again finds that Higgins's allegations, even "liberally construed," *Adams*, 897 F.2d at 333, do not adequately set forth the factual and legal bases for the relief he seeks and fail to state a cognizable claim. In reviewing a habeas petition, the Court "must decide, based on the face of the petition, whether the claims asserted merit further federal habeas corpus review." *Id.* Under 28 U.S.C. § 1915A(b)(1), the Court must "dismiss [a] complaint, or any portion of the complaint [by a prisoner against a government entity, officer or employee], if the complaint–(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *See also* 28 U.S.C. § 1915(e)(2)(B) (requiring dismissal under such circumstances in any case in which the Court has granted leave to proceed in forma pauperis).

A claim "is frivolous where it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Higgins's allegations do not meet these standards.

To begin, Higgins's claims against Judge Kopf must be dismissed. Judge Kopf is not a proper respondent with respect to Higgins's habeas claims and is entitled to absolute judicial immunity on any claim arising from the denial of Higgins's request to convene a grand jury or prosecute a criminal complaint. *Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."). With just two narrow exceptions that do not apply here, "[j]udges performing judicial functions enjoy absolute immunity from" liability for alleged civil-rights violations. *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994). Judicial immunity is very broad. It applies not only when the judge is alleged to have made an error, but also "applies even when the judge is accused of acting maliciously and corruptly." *Pierson v. Ray*, 386 U.S. 547, 554 (1967). Higgins has no basis for any claim against Judge Kopf.[3]

To the extent the Court is able to decipher Higgins's allegations, Higgins's remaining claims—at this point at least—are likewise insufficient to withstand dismissal. Higgins appears to be a pretrial detainee primarily attacking the legality of his confinement at the Lincoln Regional Center pending criminal charges in state court. *See*, *e.g.*, *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("It is clear, not only from the language of [28 U.S.C.] ss 2241(c)(3) and 2254(a), but also from the common-law history of the writ, that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody."). But even those basic facts are not entirely clear from the scattered factual allegations in Higgins's current submissions. *See*, *e.g.*, *Adams*, 897 F.2d at 333 ("We join the numerous federal courts which have repeatedly expressed their unwillingness to sift through voluminous documents filed by habeas corpus petitioners in order to divine the grounds or facts which allegedly warrant relief."). "[T]o substantially comply with the Section 2254 Rule 2(c), a petitioner must state specific, particularized

---

[3]Other respondents may also be immune or have other claims or defenses, but, given the lack of clarity in Higgins's allegations, the Court cannot be sure at this point.

facts which [on their face] entitle him or her to habeas corpus relief for each ground specified." *Id.* at 334. Higgins has not done that.

In addition to requesting release from custody, Higgins seems to challenge some of the conditions of his confinement, attempts to raise other civil-rights claims, and asks for monetary damages. He also again moves the Court to convene a grand jury, even though the Court has explained that convening a grand jury and prosecuting criminal complaints are not judicial functions. Despite thorough explanations from the Court and the dismissal of his prior submissions for failing to adequately state and support his claims, Higgins again fails to adequately indicate the statutory or other legal basis for his claims. Higgins's rather nebulous "Petition for Supervisory Writ," which he—without explanation—sharply distinguishes from a habeas petition under 28 U.S.C. § 2254, is perhaps the best example.

> Before the "drastic and extraordinary" remedy of a writ may issue, the petitioner must show that he has no other adequate means to obtain relief, that his right to issuance of the writ is clear and indisputable, and that the writ is appropriate under the circumstances. "[O]nly exceptional circumstances amounting to a judicial usurpation of power or a clear abuse of discretion will justify the invocation of this extraordinary remedy."

*In re Grand Jury Process, Doe*, 814 F.3d 906, 907 (8th Cir. 2015) (alteration in original) (quoting *Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 380-81 (2004)).

In short, Higgins's unsupported factual and legal allegations do not present a cognizable claim for relief and are subject to dismissal. *See In re Higgins*, No. 8:15-CV-103, 2015 WL 1651424, at *1-2; 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B). Nonetheless, the Court will again give Higgins an opportunity to amend his petitions to comply with Rule 2 and otherwise address the factual and legal deficiencies identified in this Order.

IT IS ORDERED:

1. The claims against Judge Richard G. Kopf are dismissed.

2. Higgins's redundant motion for an immediate order of release is DENIED.

3. The Clerk of Court shall mail a copy of the official habeas form to Higgins at his address of record.

4. Higgins shall have until February 3, 2017, to file amended petitions in the above-captioned cases. If Higgins fails to file amended petitions or fails to remedy the significant pleading deficiencies identified in this Order, these cases may be dismissed without further notice.

Dated this 6th day of January, 2017.

BY THE COURT:

s/ *Robert F. Rossiter, Jr.*
United States District Judge