IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOSEPH W. HIGGINS,<br><br>　　　　　　Petitioner,<br><br>　vs.<br><br>DISTRICT COURT FOR DOUGLAS COUNTY; MARK FOXELL; DOUGLAS COUNTY JAIL; NEBRASKA BOARD OF MENTAL HEALTH; VETERAN HOSPITAL MENTAL HEALTH DEPARTMENT; and GOVERNOR PETE RICKETTS,<br><br>　　　　　　Respondents. | | **8:16CV433**<br><br>**ORDER** |
| JOSEPH W. HIGGINS,<br><br>　　　　　　Petitioner,<br><br>　vs.<br><br>RICHARD G. KOPF; FEDERAL VETERAN HOSPITAL POLICE; VETERAN HOSPITAL MENTAL HEALTH; DISTRICT COURT OF DOUGLAS COUNTY; LINCOLN REGIONAL CENTER; DOUGLAS COUNTY DISTRICT COURT JUDGE BURN; PUBLIC DEFENDER MARY DOVORAK; PROSECUTOR MILLER; MARK FOXALL; and DOUGLAS COUNTY CORRECTION,<br><br>　　　　　　Respondents. | | **8:16CV535**<br><br>**ORDER** |

This matter is before the Court on Joseph W. Higgins's ("Higgins") Amended Petition for a Writ of Habeas Corpus filed in each of the above-listed cases. On January 6, 2016, this Court concluded "Higgins's unsupported factual and legal allegations [in his original petitions] d[id] not present a cognizable claim for relief and [we]re subject to dismissal." *See In re Higgins*, No. 8:15-CV-103, 2015 WL 1651424, at

*1-2; 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B).  The Court nonetheless gave "Higgins an opportunity to amend his petitions to comply with Rule 2 [of the Rules Governing Habeas Corpus Cases] and otherwise address the factual and legal deficiencies identified in" the Court's prior order.  To aid Higgins in that effort, Higgins was given a copy of the official habeas form.  The Court also cautioned Higgins that failing to "remedy the significant pleading deficiencies" in his petitions risked dismissal without further notice. *See*, *e.g.*, *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face.").

On January 20, 2016, Higgins timely filed an Amended Petition, however, he made no appreciable effort to comply with Rule 2 or address the significant deficiencies the Court identified in his original petitions.  Instead, Higgins, asserting the Court "just simply miss[ed] a lot of points," repeats many of the allegations and demands the Court explained were factually and legally insufficient to state a cognizable claim for relief.  As a result, Higgins again fails to adequately state the factual and legal bases for his claims.

In light of Higgins's continued failure to comply with Rule 2 and "remedy the significant pleading deficiencies" in his petitions, the above-listed cases are dismissed without prejudice.  *See*, *e.g.*, *Adams v. Armontrout*, 897 F.2d 332, 333 (8th Cir. 1990).

IT IS SO ORDERED.

Dated this 25th day of January, 2017.

BY THE COURT:

s/ *Robert F. Rossiter, Jr.*
United States District Judge